# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**WILLIAM H. OLIVER**                                                     **PLAINTIFF**

**VS.**                                   **CIVIL ACTION NO. 4:09-CV-29-TSL-LRA**

**BANKFIRST AND BILL SKINNER**                             **DEFENDANTS**

---

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On March 5, 2009, William H. Oliver [hereinafter "Plaintiff"] filed a Complaint [document entry 1] in this Court charging Bankfirst and Bill Skinner [hereinafter "Defendants"] with fraud in connection with a loan. On the same date, he filed a Motion to Proceed *In Forma Pauperis* [document entry 2] requesting that the prepayment of filing fees and costs be waived pursuant to 28 U.S.C. § 1915. Plaintiff attached no sworn financial information. On March 12, 2009, the undersigned issued an Order [#3] directing Plaintiff to complete the forms utilized by this Court in assessing a litigant's ability to pay the filing fees when suit is filed. Plaintiff submitted his supplemental motion [#4], along with the completed financial forms, on March 24, 2009.

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the Magistrate Judge that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*. Plaintiff is 73 years old and has a college education. He receives $1554 in retirement or pension funds per month. He owns two vehicles, a Chevy 1989 truck and a Chevy Malibu; no value is given. He also owns a home and sixty-one acres of land; he has no monthly rental payment or mortgage payment. His monthly expenses are approximately $1292.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. See **Williams v. Estelle**, 681 F.2d 946 (5th Cir. 1982); **Prows v. Kastner**, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? **Souder v. McGuire**, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? **Startti v. United States**, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? **Adkins v. E.I. DuPont de Nemours & Co.**, 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly that he owns land and his home and receives a regular monthly income, the Court finds that he could pay filing costs without undue financial hardship if given ninety days to pay the filing fees. He will not be rendered destitute by paying the filing fees, as he does receive funds on a monthly basis. He will not be barred from the federal courts due to his lack of financial resources. Hence, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied and that he be given ninety days, or until August 21, 2009, to pay the filing fees in this cause. Should he fail to pay the filing fees by that date, his Complaint should be dismissed without prejudice without further notice.

The parties are hereby notified that they should file any written objections to the proposed findings, conclusions, and recommendations contained within this Report and

Recommendation on or before June 9, 2009. The failure to do so shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §§636, **Douglass v. United Services Automobile Association**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 20th day of May, 2009.

        S/ Linda R. Anderson
        UNITED STATES MAGISTRATE JUDGE